UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| CARRIE ANNE CASAREZ, | Case No. 18-CV-2255 (NEB/SER) |
| Petitioner, | |
| v. | **REPORT AND RECOMMENDATION** |
| WARDEN BARNES, | |
| Respondent. | |

Petitioner Carrie Anne Casarez pleaded guilty in this District to one count of conspiracy to distribute and possess with intent to distribute more than 50 grams of methamphetamine and was sentenced to a 162-month term of imprisonment. *See United States v. Casarez*, No. 14-CR-0132 (JNE/HB) (D. Minn.). She is currently incarcerated at the Federal Correctional Institution in Waseca, Minnesota. Casarez filed a petition for a writ of habeas corpus seeking relief from her sentence. *See* Petition [ECF No. 1]. Because the claim in Casarez's petition may only be raised in a motion for relief under 28 U.S.C. § 2255, it is recommended that this action be dismissed.

Casarez's habeas corpus petition itself is not a model of clarity; she contended only that she was denied "due process" and that her claim was premised on "a change in Supreme Court and circuit [precedents]." Petition at 6. This Court therefore ordered Casarez to elaborate on her claim for relief. *See* ECF No. 3. In her response, Casarez argued as follows: At sentencing, Casarez was found to be a career offender under § 4B1.1 of the United States Sentencing Guidelines. The Supreme Court's recent decision in *Sessions v. Dimaya*, 138 S. Ct. 1204 (2018), however, casts into doubt the application of

1

that career-offender enhancement.  Casarez therefore asks the Court to find that, in light of *Dimaya*, she was not a career offender at the time her sentence was imposed and thus should be resentenced.  *See* ECF No. 4.

"It is well settled a collateral challenge to a federal conviction or sentence must generally be raised in a motion to vacate filed in the sentencing court under § 2255 . . . and not in a habeas petition filed in the court of incarceration . . . under § 2241."  *Hill v. Morrison*, 349 F.3d 1089, 1091 (8th Cir. 2003).  Federal district courts lack jurisdiction to hear a federal prisoner's collateral challenge to her original conviction or sentence brought in a habeas petition unless the prisoner demonstrates that the remedy provided by § 2255 is inadequate or ineffective to test the legality of her detention.  *See* 28 U.S.C. § 2255(e) ("An application for a writ of habeas corpus in behalf of a [federal] prisoner . . . shall not be entertained . . . unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention."); *DeSimone v. Lacy*, 805 F.2d 321, 323 (8th Cir. 1986) (per curiam).  The "inadequate or ineffective remedy" exception is often referred to as the "savings clause."  *See Abdullah v. Hedrick*, 392 F.3d 957, 959 (8th Cir. 2004).

Neither the Supreme Court nor the Eighth Circuit Court of Appeals has set forth the exact contours of the savings clause, but it is clear that the savings clause applies very narrowly.  For example, "[i]t is well established that in order to establish a remedy is inadequate or ineffective under § 2255, there must be more than a procedural barrier to bringing a § 2255 petition."  *Abdullah*, 392 F.3d at 959.  Thus, it is not enough to show that a motion under § 2255 would now be untimely, or that the motion would now require authorization due to being "second or successive."  *See United States v. Lurie*, 207

2

F.3d 1075, 1077 (8th Cir. 2000) (collecting cases). At a minimum, the petitioner seeking to invoke the savings clause must show that she "had no earlier procedural opportunity to present [her] claims." *Abdullah*, 392 F.3d at 963; *accord United States v. Barrett*, 178 F.3d 34, 52 (1st Cir. 1999) ("[W]here a prisoner had an opportunity to present his claim properly in his first § 2255 petition, but failed to do so, any 'ineffectiveness' of his current § 2255 petition is due to him and not to § 2255.").

Casarez's habeas petition is undoubtedly a challenge to the validity of her sentence. As such, it is subject to — and ultimately fails pursuant to — § 2255(e), because nothing is preventing Casarez from raising her claim under *Dimaya* pursuant to § 2255.

Casarez is correct that some, though not all, circuits have concluded that habeas corpus relief is appropriate where the petitioner has previously sought relief under § 2255 and relies on a new rule of statutory law made retroactive to cases on collateral review to challenge the validity of her sentence. *See United States v. Wheeler*, 886 F.3d 415, 429 (4th Cir. 2018); *Harrington v. Ormond*, 900 F.3d 246, 249 (6th Cir. 2018); *In re Davenport*, 147 F.3d 605, 610-11 (7th Cir. 1998); *In re Dorsainvil*, 119 F.3d 245, 251-52 (3d Cir. 1997); *but see McCarthan v. Director of Goodwill Industries–Suncoast, Inc.*, 851 F.3d 1076 (11th Cir. 2017) (en banc) (rejecting prior savings-clause jurisprudence); *Prost v. Anderson*, 636 F.3d 578, 589 (10th Cir. 2011). But that narrow opening for habeas corpus relief does Casarez no good in this case for two reasons:

First, for the savings clause to apply, the litigant putting forward the habeas claim must be a successive petitioner under § 2255. This is because certain claims that are generally cognizable under § 2255 simply cannot be authorized for review in a second or

3

successive motion for relief under § 2255. *See* 28 U.S.C. § 2255. Thus, a petitioner may have a viable claim for collateral relief from her sentence and yet, through no fault of her own, be unable to present that claim under § 2255. In this case, though, it is not altogether clear that a motion Casarez might bring under § 2255 *would* be successive within the meaning of § 2255(h). Casarez did present a motion putatively under § 2255 in her criminal case, but the Court recognized that the claim raised in that petition might be more appropriately raised pursuant to 18 U.S.C. § 3582(c)(2) while explaining why her claim would fail on the merits under that provision. If Casarez's earlier collateral attack — notwithstanding the label attached to her motion — is considered as having been raised under § 3582(c)(2) rather than under § 2255, then Casarez would not need authorization before raising in a § 2255 motion the *Dimaya* claim presented in these proceedings.

Second, and more importantly, § 2255(h) does not preclude authorization of a claim brought pursuant to *Dimaya*. Casarez contends that she cannot pursue relief under § 2255 because a claim under *Dimaya* is based on a new rule of *statutory* law, and § 2255(h)(2) permits authorization only of claims based on new rules of *constitutional* law. As just explained, § 2255(h) may have no import at all to this case, as Casarez does not appear to be a successive § 2255 petitioner. Even if she were, however, her argument for jurisdiction in these habeas proceedings would fail. *Dimaya* declared the "residual clause" of 18 U.S.C. § 16(b) void for vagueness — that is, too arbitrary and indistinct to comport with the constitution's guarantee of due process. *See Dimaya*, 138 S. Ct. 1204, 1212-13. In this respect (and in many others), *Dimaya* closely and expressly tracks the rule established by *Johnson v. United States*, 135 S. Ct. 2551 (2015), which itself was determined to be a new

4

rule of constitutional law, not statutory law, *see Welch v. United States*, 136 S. Ct. 1257 (2016); *Russo v. United States*, 902 F.3d 880, 881 (8th Cir. 2018) ("[T]he Court in *Johnson* announced a new rule of constitutional law . . . ."). *Dimaya*, like *Johnson*, declared not that courts' previous understanding of the scope of the relevant statute was incorrect, but that the statute itself (or at least a portion thereof) was invalid on constitutional grounds. This is a constitutional holding, not a statutory holding. Thus, assuming that the other requirements of § 2255(h) are met[1] — the rule of *Dimaya* is "new," that rule applies retroactively to cases on collateral review, and so on — a petitioner may present a *Dimaya* claim through a second-or-successive motion under § 2255 after receiving authorization from the appropriate court of appeals. Put another way, § 2255 cannot be inadequate or ineffective for raising a claim under *Dimaya*, even where a petitioner has sought relief under § 2255 before.

Habeas corpus, then, is not the correct procedural vehicle for Casarez to bring her claim under *Dimaya*. *See* 28 U.S.C. § 2255(e). This Court will therefore recommend that this case be dismissed without prejudice for lack of jurisdiction. Only one matter merits further comment: This Court declines to recommend "transferring" the petition to Casarez's criminal case for consideration as a motion under § 2255 for the simple reason that, whatever the applicability of *Dimaya* to the Sentencing Guidelines career-offender

---

[1] The government has conceded in other litigation that a viable claim under *Dimaya* may be authorized under § 2255(h). *See In re Gordon*, No. 18-3449, 2018 WL 3954189 (6th Cir. Aug. 14, 2018) (per curiam); *Jackson v. Barnes*, No. 18-CV-1392 (DSD/ECW), ECF No. 9 (D. Minn. Aug. 3, 2018).

enhancement as a general matter,[2] Casarez simply was not designated a career offender in her criminal proceedings. On the merits, then, a motion under § 2255 would be utterly beside the point: *Dimaya* could not have called into question a career-offender enhancement that was not applied to Casarez in the first place. Transfer of the petition would not be "in the interest of justice," 28 U.S.C. § 1631, and is therefore not recommended.

## RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY RECOMMENDED that this matter be DISMISSED WITHOUT PREJUDICE for lack of jurisdiction.

Dated: November 6, 2018               s/ *Steven E. Rau*
                                      Steven E. Rau
                                      U.S. Magistrate Judge

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. *See* Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).

---

[2] Whether *Dimaya* is applicable to § 4B1.1 at all is dubious. *See Beckles v. United States*, 137 S. Ct. 886 (2017).